UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SILAS, | No. 2:13-cv-00010 DAD P |
| Plaintiff, | |
| v. | ORDER |
| KEVIN CHAPPELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeks relief pursuant to 42 U.S.C. § 1983.[1] Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 4.) Before the court is plaintiff's amended complaint, request for the appointment of counsel and requests for an extension of time.

**I. Filing Fee or Application for Leave to Proceed In Forma Pauperis**

Plaintiff has not paid the required filing fee of $350.00 or filed an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

---

[1] Plaintiff commenced this action by filing a petition for a writ of habeas corpus with this court. However, by order filed on January 31, 2013, Magistrate Judge Gregory Hollows determined that plaintiff was challenging the conditions of his confinement rather than his underlying conviction. (ECF No. 7.) Judge Hollows construed the habeas petition as a civil rights complaint and ordered this action randomly referred to another magistrate judge. (Id.) Plaintiff subsequently filed an amended civil complaint on February 4, 2013. (ECF No. 8).

1

1  Plaintiff is cautioned that the in forma pauperis application form includes a section that must be
2  completed by a prison official, and the form must be accompanied by a certified copy of
3  plaintiff's prison trust account statement for the six-month period immediately preceding the
4  filing of this action.

**II.  Plaintiff's Amended Complaint**

In his amended complaint, plaintiff alleges that defendant Dr. Malbour Watson at the Susanville State Prison and Chief Medical Officer Tootell at San Quentin Prison failed to properly treat his Hepatitis C condition with medication.[2]  In this regard, plaintiff alleges that he should have been treated immediately with "pills[] and medications."  (ECF No. 8 at 3.)  Plaintiff asserts that this action is "a malpractice case" involving the "negligence" of the defendants.  (Id.)

**III.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

---

[2]  Plaintiff has also named as defendants the Chief Medical Officer at Susanville State Prison and Warden Kevin Chappell of San Quentin Prison.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The allegations of plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity the overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, his amended complaint must be dismissed.  The court will, however, grant plaintiff leave to file a second amended complaint.

**IV. Medical Care Claim**

If plaintiff wishes to proceed with a claim that he received inadequate medical care while imprisoned in violation of his rights under the Eighth Amendment, he is advised of the following applicable legal standards for stating such a claim.  In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under the Eighth Amendment unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).

To state a cognizable claim for inadequate medical care, plaintiff needs to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference."

Plaintiff is cautioned that "mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1991) ("A finding that the defendant's neglect was an 'isolated occurrence' or an 'isolated exception,' . . . militates against a finding of deliberate indifference"), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). Likewise, a mere disagreement between plaintiff and defendants as to how the defendants provided him with medical care fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

In any second amended complaint he elects to file, plaintiff must set forth factual allegations that, if proven, would demonstrate that each named defendant was deliberately indifferent to treating plaintiff's Hepatitis C condition and that this claim involves more than a difference of opinions between the defendant doctors and plaintiff as to his treatment. As indicated above, a cognizable Eighth Amendment claim requires more than mere medical malpractice and/or negligence.

**V. Supervisory Defendants**

Plaintiff has named the Chief Medical Officers at Susanville State Prison and San Quentin State Prison, as well as, Warden Chappell of San Quentin State Prison as defendants in this action. These defendants hold supervisory positions. However, plaintiff's amended complaint contains no allegations concerning the involvement of these supervisory defendants in plaintiff's medical care.

Plaintiff is advised that supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not

4

sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff intends to proceed against these supervisory defendants in this action, he must set forth in his second amended complaint allegations as to their involvement in failing to provide plaintiff with constitutionally adequate medical care.

**VI. Additional Requirements Applicable to a Second Amended Complaint**

If plaintiff chooses to file a second amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Any second amended complaint plaintiff elects to file must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VII. Request for the Appointment of Counsel**

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of

5

success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Therefore, plaintiff's request for appointment of counsel will be denied at this time.

**VIII.  Miscellaneous Matters**

Plaintiff has filed a document with the court styled as, "Petitioner Request the court to prolong or dismiss civil case . . . Petitioner need [sic] more time." Therein, petitioner indicates that he and his family, are seeking the assistance of private counsel on his behalf. (ECF No. 13.) In a subsequent court filing, plaintiff has again indicated that he is attempting to obtain private counsel to represent him and requests the court to delay this action for thirty days so that he may do so. (ECF N. 14.)

The court notes that several months have passed since plaintiff filed the above requests and there had been no appearance by private counsel in this action on his behalf. Therefore, plaintiff's requests, which have been docketed as motions for extension of time, will be denied. If during the course of these proceedings plaintiff is able to secure representation, counsel may substitute in on plaintiff's behalf. On the other hand, if plaintiff does not wish to proceed in this action without counsel he may voluntarily dismiss this action by filing a notice of voluntary dismissal and a request that this action be dismissed without prejudice.

**IX.  Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order;

2. Plaintiff's amended complaint (ECF No. 8) is dismissed;

/////

1        3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided with this order;

      4. Plaintiff's failure to comply with this order or to seek an extension of time to do so will result in the dismissal of this action without prejudice;

      5. Plaintiff's February 21, 2013 request for the appointment of counsel (ECF No. 12) is denied;

      6. Plaintiff's April 1, 2013 request for an extension of time (ECF No. 13) is denied;

      7. Plaintiff's June 21, 2013 request for an extension of time (ECF No. 14) is denied; and

      8. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner and the court's form complaint for a § 1983 action.

Dated: August 19, 2013

*[signature: Dale A. Drozd]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
silas10.14+

7