UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SILAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN W. ROLHFING, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-00010 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 4.) Before the court is plaintiff's application to proceed in forma pauperis as well as his second amended complaint.

**I. In Forma Pauperis Application**

Plaintiff has submitted an application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Plaintiff's Second Amended Complaint**

In his second amended complaint plaintiff names as defendants: John W. Rolhfing[1] - the Chief Medical Officer at the California Correctional Center (CCC) in Susanville, Dr. Malbour Watson – who works at CCC, E. Tootel - the Chief Medical Officer at San Quentin State Prison, and C. Harless - an x-ray technician at San Quentin. Plaintiff alleges that this civil action is a "'malpractice case'" and that it involves "negligence" by each of the named defendants. (ECF No. 17 at 4.)

Specifically, plaintiff makes the following allegations in his second amended complaint. In 2002, while incarcerated at CCC, plaintiff contracted Hepatitis-C. (Id.) From 2002 to 2005, plaintiff received no medications or shots for that condition. (Id.) Defendant Dr. Watson explained that shots or medications were unnecessary since plaintiff's "level was so low." (Id.) Plaintiff believes that he should have been provided Interferon, Rebetron and Lamivucline, which "according to a leading & expert doctor" should have been administered in his case. (Id. at 5.) In 2005, plaintiff was transferred to San Quentin State Prison. (Id. at 4.)[2]

In terms of relief, plaintiff seeks the award of $500,000 in punitive damages. (Id. at 3.)

**III. Discussion**

In its August 20, 2013 order, the court advised plaintiff that the court was required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. (ECF No. 16 at 2.) The court screened plaintiff's amended complaint and dismissed it while granting him leave to file a second amended complaint. (Id. at 2-3.) At that time plaintiff was advised of the legal standard governing a claim of inadequate

---

[1] The court is unsure if this defendant's name has been spelled correctly by plaintiff. In the caption of the second amended complaint, plaintiff spells the name as "Rolhfing" but in other places in the complaint he spells defendant's name as "Rohlfing" and "Rolhing." (ECF No. 17 at 1, 2 & 6.)

[2] In his second amended complaint plaintiff makes vague statements about being exposed to asbestos while incarcerated at San Quentin. (ECF No. 17 at 5.) If plaintiff is now attempting to state a claim based upon alleged asbestos exposure, this is a new claim that was not raised in his earlier filed amended complaint. It does appear that in his second amended complaint plaintiff is alleging that defendants Tootell and Harless failed to inform him that he had been exposed to asbestos. (Id.)

2

medical care in violation of the Eighth Amendment and was also advised that he needed to provide specific factual allegations in any second amended complaint he elected to file showing a causal link between any named supervisorial defendant and the claimed violation of his rights under the Eighth Amendment.

In his second amended complaint now before the court plaintiff continues to allege that his action is one based upon allegations of medical malpractice and negligence by the named defendants, despite the court's specific caution that such allegations of medical malpractice and negligence fail to state a cognizable Eighth Amendment claim. Indeed, plaintiff was specifically advised by the court that in any second amended complaint he elected to file he must provide factual allegations that, if proven, would show deliberate indifference to his serious medical needs by each named defendant. (Id. 3-4.) Instead, plaintiff merely alleges in his second amended complaint that while defendant Dr. Watson failed to give him medication for his Hepatitis-C but did so based on "low levels," apparently revealed from diagnostic tests, showing that the status of his condition was acceptable. (ECF No. 17 at 4.) These allegations, even if proven, are not sufficient to demonstrate deliberate indifference by the named defendant but suggest instead a reasoned medical judgment which was based on plaintiff's physical condition at that time.

In addition, plaintiff merely speculates in his second amended complaint that an unidentified "leading & expert doctor" (who was not a treating physician) would have prescribed certain drugs for his condition. Finally, plaintiff's own alleged belief that he should have been prescribed medication, without more, would demonstrate no more than a mere difference of opinion between plaintiff and defendants regarding the appropriate course of medical treatment. Of course, such an allegation fails to state a cognizable § 1983 claim. See Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

The allegations of plaintiff's second amended complaint regarding asbestos exposure are so vague and incomprehensible that they too fail to state a cognizable claim. In any event, should plaintiff wish to pursue a claim based upon allegations of exposure to asbestos while incarcerated

1 at San Quentin, he is advised that he must file a new civil rights action in the U.S. District Court
2 for the Northern District of California where that institution is located.
3    Finally, the court notes that plaintiff's second amended complaint fails to reflect sufficient
4 factual allegations concerning the alleged involvement of defendant Rolhfing - the then-Chief
5 Medical Officer at CCC – in any violation of plaintiff's constitutional rights. Plaintiff has
6 previously been advised that if he elected to file a second amended he needed to include specific
7 allegations factual concerning the involvement of any named supervisory defendant in the
8 violation of his rights. Plaintiff fails to do so in his second amended complaint.

9 **IV.  Further Leave to Amend**

10    The undersigned has carefully considered whether plaintiff should be granted leave to file
11 a third amended complaint in order to cure the noted deficiencies and state any claim upon which
12 relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith,
13 prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d
14 1466, 1472 (9th Cir.1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,
15 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to amend shall be freely given, the
16 court need not allow futile amendments). Here, despite the court's previous advice and guidance
17 in granting plaintiff leave to amend to cure the deficiencies with his amended complaint, plaintiff
18 has again failed to state a cognizable claim that his Eighth Amendment right to adequate medical
19 care has been violated. In addition, plaintiff has failed to set forth sufficient factual allegations
20 with respect to the involvement of each named defendant in any constitutional violation alleged.
21 In light of plaintiff's inability to cure the previously noted deficiencies, the undersigned
22 concludes that granting plaintiff further leave to amend would be futile.

23 **IV. Conclusion**

24    In accordance with the above, IT IS HEREBY ORDERED that:
25    1. Plaintiff's September 6, 2013 application for leave to proceed in forma pauperis (ECF
26 No. 18) is granted;
27 /////
28    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

4

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith; and

    3. This action is dismissed due to plaintiff's failure to state a cognizable claim.

Dated: April 18, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
silas10.fsc